UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

CREELED, INC.

      Plaintiff,

v.

UNKNOWN INDIVIDUAL(S),
PARTNERSHIP(S), AND/OR
UNINCORPORATED ASSOCIATIONS,

      Defendant.

_____/

## COMPLAINT

Plaintiff, CreeLED, Inc. ("CreeLED"), by and through undersigned counsel, hereby sues Unknown Individual(s), Partnership(s), and/or Unincorporated Associations d/b/a "yangxiaoqian" through the Internet based e-commerce platform Wish.com ("Defendants"),[1] and alleges as follows:

### NATURE OF THE ACTION

1.    Defendants are promoting, selling, reproducing, offering for sale, and distributing goods using counterfeits and confusingly similar imitations of Plaintiff's trademarks within this district through at least one Internet based e-commerce store

---

[1] This Action is related to *XYZ Corporation v. The Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A*," No. 8:22-cv-2379-MSS-TGW. The Defendants operating under this Seller ID were ordered to be severed from the originally filed schedule, and any refiling to identify Plaintiff not by a pseudonym. (Dkt. 11).

and fully interactive commercial Internet website operating under at least the seller identification name "yangxiaoqian" (the "Seller ID").

2.    Like many other famous trademark owners, Plaintiff suffers ongoing daily and sustained violations of their trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Plaintiff's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits.  The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Plaintiff's trademarks, as well as the destruction of the legitimate market sector in which they operate.

3.    In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, Plaintiff has expended significant amounts of resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement. The exponential growth of counterfeiting over the Internet, particularly through online marketplace platforms, has created an environment that requires individuals, such as Plaintiff, to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and themselves from the negative effects of confusion and the erosion of the goodwill connected to Plaintiff's brand.

## JURISDICTION AND VENUE

4.    This is an action seeking damages and injunctive relief for trademark counterfeiting and infringement, false designation of origin under the Lanham Act,

common law unfair competition; common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, 1121, 1125(a), and 1125(d), and The All Writs Act, 28 U.S.C. § 1651(a); 15 U.S.C. § 1051 *et seq.*

5.    This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1114 and 1125(a), 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims, because the claims are so related to the trademark claims in this action, over which this Court has original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

7.    Defendants are subject to personal jurisdiction in this District because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this District through at least the Internet based e-commerce stores and fully interactive commercial Internet websites accessible in Florida and operating under the Seller ID.  Upon information and belief, Defendants infringe Plaintiff's trademarks in this District by advertising, using, selling, promoting and distributing counterfeit trademark goods through such Internet based e-commerce stores and fully interactive commercial Internet websites. Also upon information and belief, Defendants are foreign residents purposefully availing themselves of United States to perpetuate their unlawful activity, and Defendants have not consented to jurisdiction in another state, thus personal jurisdiction is also proper pursuant to Fed. R. Civ. P. 4(k)(2).

8.    Venue is proper pursuant to 28 U.S.C. § 1391(c)(3) because Defendants are not residents of the United States. Venue is also proper in this District pursuant 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens engaged in infringing activities and causing harm within this District by advertising, offering to sell, selling and/or shipping infringing products into this District.  Defendants may be found in this District, as they are subject to personal jurisdiction herein.

## THE PLAINTIFF

9.    Plaintiff is a corporation having its principal place of business in Durham, North Carolina.

10.    Plaintiff is the owners of all rights, title, and interest in several federally registered trademarks (the "CreeLED Marks").

11.    High-quality products under the CreeLED Marks are designed, marketed, and distributed in interstate commerce, including within this judicial district.

12.    CreeLED, through its predecessor Cree, Inc., has a 30-year track record of innovations and industry firsts driven by its investment and focus on R&D. CreeLED's rich heritage in technology and innovation has distinguished it as one of the industry's strongest LED brands. Today, CreeLED specializes in delivering a broad portfolio of high-performance LED chips and components. CreeLED's contributions to LED development and design serve as the basis for Cree LED's expansive portfolio of over 1,700 patents and 1,100 trademarks worldwide.

13.     CreeLED is a market-leading innovator of high-performance LED chips and components with over 125M LED products sold since 2008. CreeLED has over 1,600 employees at various product development, manufacturing, and sales locations including the U.S., Hon Kong, and China. CreeLED's annual revenue is approximately $525 million with assets valued at over 3 billion.

14.     Goods bearing and reproducing the CreeLED Marks are sold through authorized retailers throughout the United States, including within the State of Florida and this District. Genuine and authorized products bearing and reproducing the CreeLED Marks are widely legitimately advertised, promoted, and distributed by and through Plaintiff's and their authorized partners, including but not limited to the following official online store and website: www.cree-led.com/. Over the course of the past several years, visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing, has become increasingly important to Plaintiff's overall marketing and consumer education efforts. Thus, Plaintiff expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow Plaintiff and its authorized partners to educate consumers fairly and legitimately about the value associated with the CreeLED brand.

## THE DEFENDANTS

15.     Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside and/or operate in China, or redistribute products from the same or similar sources in outside the United States

and/or ship their goods from the same or similar sources outside the United States to shipping and fulfillment centers within the United States to redistribute their products from those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities towards consumers throughout the United States, including within this District through the operation of Internet based e-commerce stores via Internet marketplace websites under the Seller ID.

16.    Defendants are the past and present controlling forces behind the sale of products under counterfeits and infringements of Plaintiff's trademarks as described herein using at least the Seller ID.

17.    Upon information and belief, Defendants directly engage in unfair competition by advertising, offering for sale, and selling goods bearing one or more of Plaintiff's trademarks to consumers within the United States and this District through Internet based e-commerce stores using, at least, the Seller ID and additional seller identification aliases and domain names not yet known to Plaintiff. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing goods into the State.

18.    Defendants have registered, established or purchased, and maintained their Seller ID. Upon information and belief, Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller ID.

19.    Upon information and belief, some Defendants have registered and/or maintained their Seller ID for the sole purpose of engaging in illegal counterfeiting activities.

20.    Upon information and belief, Defendants will continue to register or acquire new seller identification aliases and domain names for the purpose of selling and offering for sale goods bearing counterfeit and confusingly similar imitations of one or more of Plaintiff's trademarks unless preliminarily and permanently enjoined.

21.    Defendants use their Internet-based businesses in order to infringe the intellectual property rights of Plaintiff.

22.    Defendants' business names, *i.e.*, the Seller ID, associated payment accounts, and any other alias seller identification names used in connection with the sale of counterfeit and infringing goods bearing one or more of Plaintiff's trademarks are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to Plaintiff.  Moreover, Defendants are using Plaintiff's famous trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Seller ID, thereby increasing the value of the Seller ID and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

## GENERAL FACTUAL ALLEGATIONS

### *Plaintiff's Intellectual Property Rights*

23.    Plaintiff is the owner of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office:

|    | Classes | Trademark | Registration No. |
|----|---------|-----------|------------------|
| 1  | 09 Int. | CREE | 2,440,530 |
| 2  | 42 Int. | CREE | 4,597,310 |
| 3  | 35 Int. | CREE | 4,896,239 |
| 4  | 39 Int. | CREE | 4,787,288 |
| 5  | 09 Int. | CREE | 3,935,628 |
| 6  | 11 Int. | CREE | 3,935,629 |
| 7  | 40 Int. | CREE | 3,938,970 |
| 8  | 42 Int. | CREE | 4,026,756 |
| 9  | 09 Int. | CREE | 4,641,937 |
| 10 | 37 Int. | CREE | 4,842,084 |
| 11 | 09 Int., 41 Int. | CREE | 4,767,107 |

| 12 | 09 Int., 11 Int., 35 Int., 36 Int., 37 Int., 39 Int., 40 Int., 41 Int., 42 Int. | CREE & Design (2D Trisected Diamond) | 6,091,202 |
|----|----|----|----|
| 13 | 09 Int., 11 Int., 37 Int., 39 Int. | CREE & Design (2D Trisected Diamond) | 5566249 |
| 14 | 09 Int. | CREE & Design (solid) | 4,234,124 |
| 15 | 11 Int. | CREE & Design (solid) | 4,233,855 |
| 16 | 37 Int. | CREE & Design (solid) | 4933004 |
| 17 | 09 Int., 41 Int. | CREE & Design (solid) | 4771402 |
| 18 | 42 Int. | CREE & Design (solid) | 4,597,311 |
| 19 | 09 Int. | CREE & Design (striped) | 2,452,761 |
| 20 | 09 Int. | CREE & Design (striped) | 3,935,630 |
| 21 | 42 Int. | CREE & Design (striped) | 2,922,689 |
| 22 | 09 Int. | CREE Design - Diamond Design (Solid) | 2,504,194 |

| 23 | 11 Int., 35 Int., 40 Int. | CREE Design (2D Trisected Diamond) | 6,315,812 |
| 24 | 09 Int., 11 Int., 37 Int., 39 Int., 41 Int., 42 Int. | CREE Design (2D Trisected Diamond) | 5,571,046 |
| 25 | 09 Int. | CREE Design (striped) | 3,998,141 |
| 26 | 11 Int. | CREE EDGE | 5,745,621 |
| 27 | 09 Int. | CREE LED LIGHT & Design | 3,327,299 |
| 28 | 09 Int., 11 Int. | CREE LED LIGHTING | 3,891,765 |
| 29 | 09 Int., 11 Int. | CREE LED LIGHTING & Design | 3,891,756 |
| 30 | 09 Int., 11 Int. | CREE LEDS & Design (2D) | 5,846,029 |
| 31 | 09 Int. | CREE LEDS & Design (solid) | 3,360,315 |
| 32 | 11 Int. | CREE LEDS & Design (solid) | 4,558,924 |
| 33 | 11 Int. | CREE LIGHTING | 6,125,508 |

| 34 | 37 Int., 39 Int., 41 Int., 42 Int. | CREE LIGHTING | 6,251,971 |
| 35 | 11 Int. | CREE LIGHTING & Design (horizontal) | 6,228,836 |
| 36 | 37 Int., 39 Int., 41 Int., 42 Int. | CREE LIGHTING & Design (horizontal) | 6,234,496 |
| 37 | 11 Int. | CREE LIGHTING & Design (vertical) | 6,234,497 |
| 38 | 09 Int. | CREE TRUEWHITE | 4,029,469 |
| 39 | 11 Int. | CREE TRUEWHITE | 4,091,530 |
| 40 | 09 Int. | CREE TRUEWHITE TECHNOLOGY & Design (solid) | 5,022,755 |
| 41 | 11 Int. | CREE TRUEWHITE TECHNOLOGY & Design (solid) | 4,099,381 |
| 42 | 11 Int. | CREE TRUEWHITE TECHNOLOGY & Design (striped) | 4,286,398 |
| 43 | 09 Int. | CREE VENTURE LED COMPANY & Design (horizontal) | 5,852,185 |

| 44 | 09 Int. | CREE VENTURE LED COMPANY & Design (vertical) | 5,852,184 |
|----|---------|------|-----------|
| 62 | 09 Int. | XM-L | 5,294,417 |

24.     The CreeLED Marks are used in connection with the design, marketing, and distribution of high-quality goods in at least the categories identified above.

25.     Long before Defendants began their infringing activities complained of herein, the CreeLED Marks had been used by Plaintiff in interstate commerce to identify and distinguish Plaintiff's products and merchandise for an extended period.

26.     The CreeLED Marks are well-known and famous and have been for many years.  Plaintiff has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the CreeLED Marks and products bearing the CreeLED Marks. The CreeLED Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

27.     Plaintiff has extensively used, advertised, and promoted the CreeLED Marks  in the United States in association with their merchandise.

28.     As a result of Plaintiff's efforts, members of the consuming public readily identify products and merchandise bearing or sold under the CreeLED Marks as being high quality goods sponsored and approved by Plaintiff.

29.     The CreeLED Marks serve as a symbol of Plaintiff's quality, reputation, and goodwill and have never been abandoned.

*Defendants' Counterfeiting and Infringing Conduct*

30.     Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale counterfeit and infringing goods in interstate commerce using exact copies and confusingly similar copies of the CreeLED Marks through at least the Internet based e-commerce stores operating under the Seller ID (collectively, the "Counterfeit Goods").  Plaintiff has used the CreeLED Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Plaintiff's merchandise.

31.     Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially and materially different than that of Plaintiff's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by Plaintiff under the CreeLED Marks despite Defendants' knowledge that they are without authority to use the CreeLED Marks.  The effect of Defendants' actions will cause confusion of consumers, at the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, or approved by Plaintiff.

32.     Defendants advertise their Counterfeit Goods for sale to the consuming public via e-commerce stores on Internet marketplace websites using at least the Seller ID.  In so advertising these goods, Defendants improperly and unlawfully use the

CreeLED Marks without Plaintiff's permission. Attached as **Exhibit 1** is an exemplary listing of Defendants' unlawful advertisement, including purchasing information evidencing Defendants' directing their conduct into this state.

33.    As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, employing and benefitting from substantially similar, advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of the CreeLED Marks. Specifically, Defendants are using counterfeits and infringements of Plaintiff's famous CreeLED Marks in order to make their e-commerce stores and websites selling illegal goods appear more relevant, authentic, and attractive to consumers searching for Plaintiff's related goods and information online.  By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods.  Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the goodwill associated with the CreeLED Marks, and/or (iii) increasing Plaintiff's overall cost to market the CreeLED Marks and educate consumers about their brand via the Internet.

34.    Upon information and belief, Defendants are concurrently targeting their counterfeiting and infringing activities toward consumers and causing harm within

this District and elsewhere throughout the United States. As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own benefit.

35.    Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the CreeLED Marks, including their exclusive right to use and license such intellectual property and the goodwill associated therewith.

36.    Defendants' use of the CreeLED Marks, including the promotion and advertisement, distribution, sale and offering for sale of their Counterfeit Goods, is without Plaintiff's consent or authorization.

37.    Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of trading on Plaintiff's goodwill and reputation. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

38.    Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Plaintiff's genuine goods and Defendants' Counterfeit Goods, which there is not.

39.     Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' trademark counterfeiting and infringing and unfairly competitive activities connected to their Seller ID and any other alias seller identification names being used and/or controlled by them.

40.     Further, upon information and belief, Defendants are likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Plaintiff.

41.     Plaintiff has no adequate remedy at law.

42.     Plaintiff is suffering irreparable injury and have suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the CreeLED Marks .

43.     The harm and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

## COUNT I -- TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

44.     Plaintiff hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

45.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the CreeLED Marks  in commerce in connection with the promotion, advertisement, distribution, offering for sale, and sale of the Counterfeit Goods.

46.     Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods, using counterfeits and/or infringements of the CreeLED Marks.  Defendants are continuously infringing and inducing others to infringe the CreeLED Marks  by using one or more of them to advertise, promote, offer to sell, and/or sell at least counterfeit and infringing goods.

47.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

48.     Defendants' unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damage to Plaintiff and are unjustly enriching Defendants with profits at Plaintiff's expense.

49.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the CreeLED Marks  in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

50.     Plaintiff has suffered and will continue to suffer irreparable injury and damages due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined.  Additionally, Defendants will continue to wrongfully profit from their illegal activities.

**COUNT II -- FALSE DESIGNATION OF ORIGIN**
**PURSUANT TO § 43(A) OF THE LANHAM ACT (15 U.S.C. § 1125(a))**

51.    Plaintiff hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

52.    Upon information and belief, Defendants' Counterfeit Goods bearing, offered for sale, and sold under copies of the CreeLED Marks  have been widely advertised and offered for sale throughout the United States via the Internet.

53.    Defendants' Counterfeit Goods bearing, offered for sale, and sold under copies of the CreeLED Marks  are virtually identical in appearance to Plaintiff's genuine goods.  However, Defendants' Counterfeit Goods are different in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

54.    Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Plaintiff's detriment.

55.    Defendants have authorized infringing uses of the CreeLED Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods.  Defendants have misrepresented to members of the consuming public that the

Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

56.    Additionally, Defendants are using counterfeits and infringements of the CreeLED Marks  in order to unfairly compete with Plaintiff and others for space within search engine organic results, thereby jointly depriving Plaintiff of a valuable marketing and educational tool which would otherwise be available to Plaintiff and reducing the visibility of Plaintiff's genuine goods on the World Wide Web.

57.    Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

58.    Plaintiff has no adequate remedy at law and has sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT III -- COMMON LAW UNFAIR COMPETITION

59.    Plaintiff hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

60.    This is an action against Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale of goods using marks which are virtually identical, both visually and phonetically, to the CreeLED Marks in violation of Florida's common law of unfair competition.

61.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods bearing counterfeits and infringements of the CreeLED Marks.  Defendants are also using counterfeits and infringements of the CreeLED Marks to unfairly compete with Plaintiff for (i) space in search engine results across an array of search terms and/or (ii) visibility on the World Wide Web.

62.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the CreeLED Marks.

63.     Plaintiff has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

64.     Plaintiff hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

65.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing the CreeLED Marks.  Plaintiff is the owner of all common law rights in and to the CreeLED Marks.

66.     Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the CreeLED Marks.

67.    Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the CreeLED Marks.

68.    Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

A.    Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502(a), and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the CreeLED Marks; from using the CreeLED Marks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or design that may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff; from falsely representing themselves as being connected with Plaintiff, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any

goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Plaintiff; from using any counterfeit, copy, or colorable imitation of the CreeLED Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiff's, or in any way endorsed by Plaintiff and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Plaintiff's CreeLED Marks; and from otherwise unfairly competing with Plaintiff.

B.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller ID who are provided with notice of an injunction issued by the Court disable and/or cease facilitating access to the Seller ID, and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the CreeLED Marks.

C.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators for the Seller ID who are

provided with notice of an injunction issued by the Court, identify any e-mail address known to be associated with Defendants' respective Seller ID.

D.     Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by the Court permanently remove any and all listings and associated images of goods bearing counterfeits and/or infringements of the CreeLED Marks via the e-commerce stores operating under the Seller ID, and upon Plaintiff's request, any other listings and images of goods bearing counterfeits and/or infringements of the CreeLED Marks  associated with and/or linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing counterfeits and/or infringements of the CreeLED Marks.

E.     Entry of an order requiring Defendants to account to and pay Plaintiff for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Plaintiff be trebled, as provided for under 15 U.S.C. §1117, or, at Plaintiff's election with respect to Count I, that Plaintiff be awarded statutory damages from each Defendant in the amount of two million US dollars ($2,000,000.00) per each counterfeit trademark used and product type sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

F.     Entry of an order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters,

or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller ID or other alias seller identification or e-commerce store names, domain names and/or websites used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

G.    Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Plaintiff's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

H.    Entry of an order requiring Defendants to pay prejudgment interest according to law.

I.    Entry of an order for such other and further relief as the Court may deem proper and just.

Date: November 14, 2022                          Respectfully submitted,

By:    */s/ A. Robert Weaver*
       **THE BRICKELL IP GROUP, PLLC**
       **Arthur Robert Weaver, Trial Counsel**
       Fla. Bar No. 92132
       Email: rweaver@brickellip.com
       400 North Tampa Street, 15th Floor
       Tampa, FL, 33602
       Tel: 813-278-1358

       **Richard Guerra**
       Fla. Bar No. 689521

Email: rguerra@brickellip.com
1101 S. Brickell Ave.
South Tower, Suite 800
Miami, FL 33131
Tel: 305-728-8831
Fax: 305-428-2450

*Counsel for Plaintiff*